**DOLLAR GENERAL CORPORATION,**
**Petitioner,**

v.

**NATIONAL LABOR RELATIONS**
**BOARD, Respondent.**

**No. 73–1784.**

United States Court of Appeals,
Sixth Circuit.

Argued Jan. 31, 1974.

Decided April 5, 1974.

D. L. Lansden, Ames Davis, Nashville, Tenn., on brief, for petitioner.

Peter G. Nash, Gen. Counsel, John S. Irving, Deputy Gen. Counsel, Patrick Hardin, Associate Gen. Counsel, Elliott Moore, Deputy Associate Gen. Counsel, Jay E. Shanklin, Peter M. Bernstein, Attys., National Labor Relations Board, Washington, D. C., on brief, for respondent.

Before PHILLIPS, Chief Judge, MILLER, Circuit Judge, and Mc-ALLISTER, Senior Circuit Judge.

This is a petition for review by Dollar General Corporation, of Scottsville, Kentucky, and a cross-petition for enforcement of an order of the National Labor Relations Board, finding the company guilty of violating Sec. 8(a)(1) and 8(a)(3) of the National Labor Relations Act in discharging employees Billingsley, Hurt, and Isenberg. The Board adopted the findings of the administrative law judge to the effect that these employees were discharged because of antiunion motives on the part of the company and because of the employees' union activities. 204 NLRB No. 106.

In two prior cases, the Board found that the company had committed unfair labor practices at the Scottsville location. 189 NLRB 301.

In September 1969, three months after the last discharge for union activities, the company drivers began to discuss union organization. The company responded by interrogating them about these meetings, and warning them they would be fired if they did not stop their organizational activities. Shortly after the three drivers were discharged, the Board found that the discharge of the three employees violated Sec. 8(a)(1) of the Act by coercing the employees in their statutory right to self organization, and violated Section 8(a)(3) of the Act by discriminating in employment in order to discourage membership in a labor organization.

The Board entered a cease and desist order, and further ordered the company to offer the three employees immediate and full reinstatement in their former or substantially equivalent positions, and to make them whole for any loss of earnings resulting from the discrimination and to post the usual notices.

On an examination of the record, we find the order of the Board supported by substantial evidence on the record as a whole. The order of the National Labor Relations Board is, therefore, enforced.